### STATE v. BAILEY.
### No. 4817.

Circuit Court, Dade County, Criminal Appeal.

September 14, 1959.

Roy H. Brooks, Jr. and Lawrence G. Ropes, Jr., Kelly, Brooks & Ropes, Coral Gables, for appellant.

Richard E. Gerstein, State Attorney, Glenn C. Mincer, Ass't. State Attorney, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

The appellant, Bernard O. Bailey, was convicted in the metropolitan court of Dade County of unlawfully driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor in violation of section 19.01-1, Dade County Traffic Ordinance # 57-12, and sentenced to pay a fine of $100 and to serve a term of 48 hours in the county jail. He appeals from the judgment of conviction.

62

The record reflects that the officers, while on duty at about 4:15 A.M., February 15, 1959, found the appellant slumped behind the driver's wheel of a stationary motor vehicle on the public highway approximately on the intersection of Southwest 67th Avenue and 16th Street in Dade County. The motor was running and the lights were burning. The officers testified that, based upon their experience and the usual roadside tests, the appellant was under the influence of intoxicating liquor to the extent that his normal faculties were impaired.

The appellant contends that, inasmuch as the evidence showed the vehicle of the appellant was motionless, the appellant did not "unlawfully drive" nor did he have "actual physical control" of the vehicle and therefore his conviction, under the ordinance, cannot be sustained. This court does not agree with the appellant's contention.

The appellant was charged in the words of Dade Traffic Code # 57-12, section 19.01-1, which states—

"It is unlawful for . . . any person who is under the influence of intoxicating liquor . . . , when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this county."

It is the opinion of this court, and the court so holds, that it is not necessary to prove that the vehicle was actually in motion to sustain the offense condemned by this ordinance.

The words "to drive or be in the actual physical control of a vehicle" are not, as the appellant contends, limited to a state of motion produced by the mechanism of the vehicle—but the words also include all ordinary and reasonable stops necessary and incidental to the operation of a vehicle, including stops resulting from collision, accident, negligence and intoxication.

While it is true that no one actually saw the defendant's car in motion, it is clear by the chain of unexplained circumstances and one cannot escape the logical conclusion to be drawn therefrom, that the appellant was the driver and was in actual physical control of the vehicle at the time and place charged. The offense, as others, may be proved by circumstantial evidence as well as by direct evidence. It is not necessary that any one actually saw the vehicle in motion.

Traffic ordinances, as well as all statutes and laws, must be read with reference to their manifest intent and spirit and cannot be limited to the literal meaning of a single word or phrase. The clear purpose of this ordinance is to make more effective the protection of human life, safety, health and welfare, as well as the more effective prosecution of offenders.

This court, having carefully reviewed the appeal record, listened to argument of counsel, considered the controlling point, and finding no reversible error, the judgment of the metropolitan court is affirmed.