### STATE v. GRIGGS.
No. 5008.

Circuit Court, Dade County, Criminal Appeal.

December 27, 1960.

Sylvester P. Adair, Homestead, for appellant.

Richard E. Gerstein, State Attorney, Joan Elizabeth Odell, Ass't. State Attorney, for appellee.

ROBERT H. ANDERSON, Circuit Judge.

The appellant was arrested on April 10, 1960 by a Metropolitan Dade County patrolman on the charge of *operating* a motor vehicle while being in actual physical control of said vehicle while under the influence of an alcoholic beverage to the extent that his normal facilities were impaired.

The charge was a violation of section 30.15 of the Code of Metropolitan Dade County, which reads as follows —

DRIVING WHILE INTOXICATED.

(a) It is unlawful for any person who is an habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, when affected to the extent that his or her normal faculties are impaired, to drive or be in the actual physical control of any vehicle within the county.

Obviously, this section does not mean what it says. It was intended to punish for the driving on the public streets or highways by the operator of a motor vehicle while under the influence of intoxicating liquors. It was clearly not intended to make it illegal merely to be in the "actual physical control" of any vehicle while under the influence of intoxicating liquors. The party charged did nothing more than be in the control of the vehicle, unless he was driving it on a public street or operating it under conditions under which he could damage persons or property.

The maxims "Ejusdem Generis" and "Noscitur a Sociis" apply. 66 C.J.S. page 607 —

NOSCITUR A SOCIIS. Literally, "It is known from its associates" or "It is known by its associates." It is an ancient but well-known maxim, that is frequently applied and that summarizes the rule both of language and of law. * * *

The rule or maxim is to the effect that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it. Under this rule of noscitur a sociis, general and specific words, capable of analogous meaning, when used together, take color from each other, so that general words are restricted to a sense analogous to the less general, and the meaning of a word may be enlarged or restrained by reference to the object of the whole clause in which it is used. * * *

The maxim, Noscitur a sociis, is frequently discussed in connection with the maxim, Ejusdem generis, and under these doctrines, where there are general words following particular and specific words, the general words

must be confined to matters of the same kind as those specified. The two maxims have been compared and distinguished see 28 C.J.S. p. 1050 note 24.

Therefore, the statute must be construed as denouncing *driving* or *operating* a motor vehicle on the highways or other public places while under the influence of intoxicating liquor or narcotic drugs.

In this case the officer came up on the appellant about 7 o'clock in the morning and saw no one in the automobile, but the motor was running and it was "legally parked". Upon investigation the officer found the defendant lying in the front seat in such a manner as though he was sitting under the wheel and tilted over to the right. There was no one else in the car. He gave him some ammonia caps and tried pulling the short hairs in his temples and then tried smacking him on the cheek. He didn't come to and the officer finally pulled him out of the vehicle and when he got to the ground he was conscious. He was asked if he had been driving the vehicle and he said "yes". It was his father's car and he had been out and had just finished drinking two cans of beer, which he later changed to three cans, and finally to a six-pack of beer. He was arrested and subjected to a drunkometer test, charged as above stated, tried and convicted in the metropolitan court.

There is no evidence that the young man was operating the motor vehicle at any time, except his own statement that he had been driving it. The arresting officer said that it was "legally parked"; therefore, it was not driven up to a red light and stopped there when the arrest was made. True, the motor was running and presumably the defendant turned it on, but there is no proof of this.

If I was sitting in my house and got drunk and then went out and got in my car and did nothing more than start the motor, and an officer came by and caught me, I wouldn't be guilty of violating this section. I might be guilty of getting drunk or being drunk but not of driving while intoxicated.

This court has no sympathy with drunken driving and will not hesitate to affirm any conviction of the metropolitan court for that offense where the evidence justifies it.

This court has held that if an officer comes up on a driver of a motor vehicle, stopped for a red light on a traveled street, and finds that he is under the influence of intoxicating liquors, he is justified in arresting him for driving while intoxicated. State

v. Bailey, 15 Fla. Supp. 60. That is a wholly different situation from this case, where the appellant, although admittedly drunk, had properly and legally parked the car off the highway, although he left the motor running, and was not operating it in such a fashion as to endanger life or property.

The evidence, in the opinion of this court, wholly fails to sustain the charge and accordingly the judgment of conviction is reversed.